UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
TAMARA WAREKA p/k/a
TAMARA WILLIAMS,

                          Plaintiff,            **REPORT & RECOMMENDATION**

    -against-                              **21 CV 2422 (MKB)(LB)**

DRYLUXE LLC and DOES 1 through 10,

                        Defendants.
----------------------------------------------------------------
**BLOOM, United States Magistrate Judge**:

      Plaintiff, Tamara Wareka, brings this civil action against defendant, Dryluxe, LLC ("Dryluxe") and Does 1–10, alleging copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C., § 101 et seq.). Despite proper service of the summons and complaint, ECF No. 8, Dryluxe has failed to plead or otherwise defend this action. The Clerk of Court noted entry of defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 12. Plaintiff now moves for a default judgment solely against defendant Dryluxe. ECF No. 13 ("Pl.'s Mot."). The Honorable Margo K. Brodie referred plaintiff's motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion for a default judgment should be granted.

**BACKGROUND[1]**

      Plaintiff is a beauty and fashion freelance photographer. ECF No. 1, Complaint ("Compl.") ¶ 8. Plaintiff photographed six models (the "Photographs") and registered the Photographs with

---

[1] The facts are drawn from the uncontested allegations in plaintiff's complaint, as well as documents incorporated by reference, and are taken as true for the purpose of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (deeming all well-pleaded allegations in a complaint admitted on a motion for a default judgment).

the United States Copyright Office: Juliana Herz Photograph (Registration No. VA 2-197-148); Keltie Straith Photograph (Registration No. VA 2-130-596); Audreyana Michelle Photograph (Registration No. VA 2-130-596); Bridget Satterlee Photograph (Registration No. VA 2-130-596); Jasmine Hollins Photograph (Registration No. VA 2-116-918); and Christina Nadin Photograph (Registration No. VA 2-116-920). Id. ¶¶ 10, 12. Defendant Dryluxe is a blow-dry beauty bar and according to its website, it has two locations in Westchester County.[2] Plaintiff alleges that defendant used these six photographs on its website, www.dryluxe.com ("the Website") to advertise their services without her authorization or consent. Id. ¶¶ 14, 16, 18.

## PROCEDURAL HISTORY

Plaintiff commenced this action on April 30, 2021. ECF No. 1. On August 4, 2021, plaintiff served defendant with the summons and complaint through the New York Secretary of State pursuant to N.Y. Business Corporation Law § 306. ECF No. 8. Defendant failed to respond to the complaint. On October 21, 2021, the Clerk of Court noted entry of defendant's default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 12. Plaintiff now moves for a default judgment against defendant pursuant to Federal Rule of Civil Procedure Rule 55(b)(2). ECF No. 13.[3]

---

[2] See DRYLUXE: GET IN TOUCH, https://www.dryluxe.com/contact/ (last visited April 4, 2022). "It is generally proper to take judicial notice of articles and [websites] published on the [i]nternet." Magnoni v. Smith & Laquercia, LLP, 701 F. Supp. 2d 497, 501 (S.D.N.Y. 2010) (citation and quotation marks omitted).

[3] In a copyright action, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "Where the defendant is an entity, it is deemed to reside in a district where it is subject to the court's personal jurisdiction with respect to the civil action in question." Kennedy Stock, LLC v. NLS N.Y. Inc., No. 18-CV-4991, 2019 WL 13096650, at *3 (S.D.N.Y. Nov. 18, 2019) (citing Heritage Lace, Inc. v. Underwraps Costume Corp., No. 18-CV-9796 2019 WL 3858585, at *2 (S.D.N.Y. Aug. 16, 2019) (quotations omitted)). Although both of defendant's blow-dry beauty bars are located in the Southern District of New York, venue is proper in this district since Dryluxe, a New York Corporation, is subject to personal jurisdiction throughout New York State.

# DISCUSSION

## I.    Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997). Regardless of the assumption of truth, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the

unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (internal quotation marks and citation omitted). In evaluating "whether the unchallenged facts constitute a legitimate cause of action," the Court is limited to the four corners of the complaint. The Court is not so restricted in determining damages, which may be calculated based on documentary evidence, affidavits, or evidence gleaned from a hearing on damages. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111).

## II.    Legal Standard

The Copyright Act generally provides a copyright holder with exclusive rights to copy, reproduce, or otherwise distribute a protected work. 17 U.S.C. § 106. The Act protects the interests of individual copyright owners by creating a private right of action for copyright infringement. Sheldon v. Plot Commerce, No. 15-CV-5885, 2016 WL 5107072, at *10 (E.D.N.Y Aug. 26, 2016), report and recommendation adopted by 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) (citing 17 U.S.C. § 106).

A plaintiff must establish two elements to succeed on a copyright infringement claim: (1) ownership of a valid copyright and (2) copying of constituent elements of a work that are original without proper authorization. See Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). A United States Register of Copyrights certificate of registration "constitutes prima facie evidence of valid ownership of a copyright, although that presumption of ownership may be rebutted." Hamil Am., Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999). In cases of default where the allegations in a complaint are accepted as true, a plaintiff's assertion of the existence of a valid copyright, even without producing the certificate, are satisfactory. See Renna v. Queens Ledger/Greenpoint Star Inc., No. 17-CV-3378, 2019 WL 1061259, at *3 (E.D.N.Y. Feb. 13, 2019)

(collecting cases), report and recommendation adopted by 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019).

A defendant copies constituent elements of a plaintiff's work, violating the Copyright Act, where: "(1) defendant actually copies [a] plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work." Hamil Am., Inc.,193 F.3d 92, 99 (internal quotation marks omitted) (quoting Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1002 (2d Cir. 1995)). The originality element for a copyrighted photograph may be based upon several different components including the photograph's subject matter, lighting, and angle. Sheldon, 2016 WL 5107072, at *11 (quoting Eastern Am. Trio Prods. Inc. v. Tang Elec. Corp., 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000)). A copyright plaintiff satisfactorily alleges copying of a protected photograph, and violation of her exclusive rights, when she states that a defendant reproduced the copyrighted image without plaintiff's consent. See Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17-CV-5721, 2019 WL 312149, at *5 (E.D.N.Y. Jan. 3, 2019), report and recommendation adopted by 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

Here, plaintiff has established defendant's Copyright Act liability. Plaintiff alleges that she is the sole author of the Photographs, their sole copyright owner, and that the Photographs were registered with the Copyright Office under registration numbers VA 2-197-148, VA 2-130-596, VA 2-130-596, VA 2-130-596, VA 2-116-918, and VA 2-116-920. Compl. ¶¶ 10, 12. Defendant allegedly published the Photographs on its website, without plaintiff's authorization or consent. Id. ¶¶ 18–21. The complaint attaches copies of the Photographs, id. Ex. A, and screenshots of defendant's website publishing the Photographs, id. Ex. B. The photographs on defendant's website are plaintiff's copyrighted photographs containing not only the same subject matter,

lighting, and angle, but also the plaintiff's Instagram handle watermark (@tamarawilliams1). Compare id. Ex. A with id. Ex. B. Accordingly, plaintiff has established defendant's infringement under the Copyright Act and plaintiff is entitled to damages.

## III.    Relief Under the Copyright Act

### A.  Injunctive Relief

Under the Copyright Act, a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "A court may grant a permanent injunction on a motion for default judgment." Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (citations omitted). Here, plaintiff seeks a permanent injunction to enjoin defendant, "from further displaying or otherwise using Plaintiff's Copyrighted Photographs on its current website [link omitted], on any other website(s) on the World Wide Web which it owns, operates, or otherwise has control over, or in any other manner on or off the internet—unless and until Defendant has received a license or other express consent from Plaintiff…". Pl.'s Mot. at 10.

Courts routinely "[grant] injunctive relief in copyright cases where liability is established and there is a threat of continuing infringement." Conan Props. Int'l LLC v. Sanchez, No. 17-CV-162, 2018 WL 3869894, at *6 (E.D.N.Y. Aug. 15, 2018). A party seeking a permanent injunction must show: "(1) that [they have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Salinger v. Colting, 607 F.3d 68, 77 (2d Cir. 2010) (applying the four-factor test, originally set forth in eBay Inc. v.

MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). As plaintiff has established defendant's liability, plaintiff is entitled to an injunction if she can establish the remaining factors. See id.

Here, all four factors weigh in favor of granting plaintiff injunctive relief. Although courts must not presume irreparable injury in copyright cases, "courts have tended to issue injunctions [in copyright cases] because to prove the loss of sales due to infringement is . . . notoriously difficult." Id. at 81–82. Further, "[w]here default is entered, [a] court may infer from a defendant's default that it is willing to, or may continue its infringement." Coach, Inc. v. O'Brien, No. 10 Civ. 6071, 2012 WL 1255276 at * 17 (S.D.N.Y. April 13, 2012) (internal citations and quotations omitted). As to the first part of the test, given defendant's default and plaintiff's attempts to settle the case for a year prior to commencing the suit, Compl. ¶ 22, defendant is likely to continue its infringement of plaintiff's copyright absent an injunction. As to the second element, for the same reasons, monetary damages are inadequate. See Pearson Educ., Inc. v. Vergara, No. 09-CV-6832, 2010 WL 3744033, at *4 (S.D.N.Y. Sept. 27, 2010) (quotations omitted) ("No evidence exists in the record to suggest that [defendant] has or will stop copying . . . . Hence, an award of monetary damages cannot adequately compensate the plaintiffs for the harm they have suffered"). Third, the balance of hardship favors plaintiff as defendant has defaulted and thus fails to identify any legitimate hardship. See also McGraw-Hill Glob. Educ. Holdings, LLC v. Khan, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018) ("It is axiomatic that an infringer cannot complain about the loss of ability to offer its infringing product.") (internal quotation marks, citation and alterations omitted). Finally, enjoining defendant from using the Photographs would not disserve the public interest as "the public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." Beastie Boys v. Monster Energy Co., 87 F. Supp. 3d 672, 679 (S.D.N.Y. 2015); see Noble v. Crazetees.com, No. 13-CV-5086, 2015

WL 5697780, at *8 (S.D.N.Y. Sept. 28, 2015) (adopting report and recommendation) ("Plaintiff's incentive to continue taking such iconic photographs would be diminished if the defendants were allowed to continue infringing on his work."). Therefore, I respectfully recommend that plaintiff's request for an injunction should be granted, prohibiting defendant from using the Photographs.

### B. Damages

It is well established that a default is "deemed to constitute a concession of all well pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks and citations omitted); see also Credit Lyonnais Secs. (USA), Inc., 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc, 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). The Court, however, does not need to hold a hearing, as "detailed affidavits and documentary evidence" may be sufficient. Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234 (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

Under the Copyright Act, an infringing defendant may be liable for either actual damages suffered by the copyright's owner or for statutory damages. 17 U.S.C. § 504(a). Before the entry of final judgment, the copyright owner may elect to recover, in lieu of actual damages, statutory damages. Id. § 504(c)(1). An award of statutory damages, with respect to a single work, must be set by the Court in an amount between $750 and $30,000 to be determined "as the court considers just." Id. In cases where the Court finds the copyright infringement to have been willful, the Court

can increase the award to up to $150,000. Id. § 504(c)(2). "It is well-established that district courts have broad discretion in setting the amount of statutory damages within the minimum and maximum amounts prescribed by the Copyright Act." Nat'l Football League v. PrimeTime 24 Joint Venture, 131 F. Supp. 2d 458, 472 (S.D.N.Y. 2001) (citing Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 345–46 (1998)); see also Engel v. Wild Oats, Inc., 644 F. Supp. 1089, 1091 (S.D.N.Y. 1986) ("The court takes up the task [of determining a just award] with the frank acknowledgment that its discretion on this subject is anything but narrow.") When determining the amount of statutory damages to award for copyright infringement, courts consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Rights Prod., Inc., 603 F.3d 135 (2d Cir. 2010) (citing N.A.S. Imp. Corp. v. Chenson Enter., Inc., 968 F.2d 250, 252–53 (2d Cir. 1992)). Although proof of loss suffered by plaintiff is unnecessary to claim statutory damages, the amount awarded should bear some relation to the damages suffered. See Dermansky v. Telegraph Media, LLC, No. 19-CV-1149, 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020) (quoting Mantel v. Smash.com Inc., No. 19-CV-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019)); Korzeniewski, 2019 WL 312149, at *9.

   A default judgment establishes a defendant's liability and the Court need only assess whether support exists for the damages sought. See Realsongs Universal Music Corp. v. 3A N Park Ave. Rest. Corp., 749 F. Supp.2d 81, 85 (E.D.N.Y. 2010) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). When damages do not lend themselves to easy tabulation, the District Court has wide discretion and may rely on affidavits and documentary evidence. Id. (citing Action S.A. v. Marc Rich and Co., Inc., 951 F.2d 504, 508

(2d Cir. 1989)). The "[p]laintiff gets the benefit of the doubt in applying the Bryant Court's factors because defendant's" failure to participate in the litigation inhibits plaintiff from providing the Court with information relevant to each factor. Dermansky, 2020 WL 1233943, at *5 (internal quotation marks omitted) (quoting Prokos v. Grossman, No. 19-CV-4028, 2020 WL 729761, at *2 (E.D.N.Y. Feb 13, 2020)).

An infringing defendant's willfulness, even absent a demand for enhanced statutory damages, speaks to its state of mind and is an important factor for the Court's consideration. See Broad. Music, Inc. v. Prana Hosp., Inc., 158 F.Supp.3d 184, 197 (S.D.N.Y. 2016). Courts in this Circuit have held that copyright violations by defaulting defendants may be presumed willful. See Balhetchet v. Su Caso Mktg. Inc., No. 19-CV-4475, 2020 WL 4738242, at *4 (E.D.N.Y. Aug. 14, 2020); Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F.Supp.3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default.") (citing All-Star Mktg. Grp., LLC v. Media Brans Co., 775 F.Supp.2d 613, 621-22 (S.D.N.Y. 2011)). "In cases of willful infringement, an award should 'discourage wrongful conduct, as well as . . . provide reparation for injury.'" Howarth v. FORM BIB LLC, No. 18-CV-7047, 2020 WL 3441030, at *3 (S.D.N.Y. May 11, 2020) (quoting Broad. Music, Inc., 158 F. Supp. 3d at 197–98), report and recommendation adopted by 2020 WL 3436685 (S.D.N.Y. June 22, 2020).

Here, plaintiff requests $21,000 in statutory damages ($3,500 per photograph). Pl.'s Mot. at 15. On one hand, the Court may infer that defendant acted willfully, based on its default and plaintiff's allegations that defendant has continued to violate her copyright since January 2020, despite her many attempts stop the infringement. Pl.'s Mot. at 14. On the other hand, plaintiff has provided no evidence of lost revenue. As an individual who "earns a living from the licensing fees that she receives from individuals and entities who wish to utilize her photographs," plaintiff could

have supplied what her licensing fee would have been for the photographs. Nor does plaintiff provide any other information regarding her damages.[4] With so little information, it is impossible for the Court to make an assessment based on the second and third <u>Bryant</u> factors. Accordingly, I find that an award of $1,500.00 per photograph should fairly compensate plaintiff and deter future infringement. I recommend that plaintiff should be awarded **$9,000.00** in statutory damages.

## C.  Attorney's Fees

The Copyright Act states that the Court "in its discretion may allow the recovery of full costs by or against any party [and] ... the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In cases of willful copyright infringement, an award of attorney's fees is appropriate. <u>See</u> <u>Peer Int'l Corp. v. Max Music & Ent., Inc.</u>, No. 03 CV 996, 2004 WL 1542253, at *5 (S.D.N.Y. July 9, 2004). When awarding fees, courts should consider "the non-prevailing party's frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), together with the need in particular circumstances to advance considerations of compensation and deterrence." <u>Sheldon</u>, 2016 WL 5107072, at *18 (internal quotation marks omitted) (quoting <u>Baker v. Urban Outfitters, Inc.</u>, 431 F. Supp. 2d 351, 360 (S.D.N.Y. 2006)). "Of these factors, 'objective reasonableness ... should be given substantial

---

[4] In support of her request, plaintiff offers one cherry-picked case where the court found $14,000 was justified for the infringement of four photographs ($3,500 per photograph) where there was no evidence that the defendant was a serial copyright infringer, "no evidence of defendant's profits, no admissible evidence as to plaintiff's usual or customary licensing fee," and the period of infringement was brief. Pl.'s Mot. at 15, citing <u>Miller v. Netventure24 LLC</u>, No. 19-CV-7172, 2021 WL 3934262 (S.D.N.Y. Aug. 6, 2021), <u>report and recommendation adopted</u> by 2021 WL 3931928 (S.D.N.Y. Sep. 2, 2021). However, in other cases from this district with a paucity of damages evidence, the Court has awarded less. <u>See e.g</u> <u>Dermansky v. Tel. Media</u>, LLC, No. 19-CV-1149, 2020 WL 1233943, at *6 (E.D.N.Y. Mar. 13, 2020) (awarding $1,000 per photograph where the infringement was willful but there was no evidence of harm); <u>Balhetchet v. Su Caso Mktg.</u>, No. 19-CV-4475, 2020 WL 4738242, at *11 (E.D.N.Y. Aug. 14, 2020) at *4 (awarding $1,000 in statutory damages given the lack of a baseline amount of plaintiff's licensing fee or any loss of profits).

weight.'" Id. (quoting Zalewski v. Cicero Builder Dev., Inc., 754 F.3d 95, 108 (2d Cir. 2014)). In calculating appropriate attorney's fees, the court must determine "the 'lodestar' amount, or the 'product of a reasonable hourly rate and the reasonable number of hours required by the case.'" Dermansky, 2020 WL 1233943, at *7 (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)).

### i.  Rates

The reasonable hourly rate should be consistent with the prevailing rates in the local legal community for similar work by lawyers of comparable experience and skill. Reilly v. Commerce, 2016 WL 6837895, at *12 (S.D.N.Y. Oct. 31, 2015) (quoting Noble v. Crazetees.com, No. 13-CV-5086, 2015 WL 5697780, at *9 (S.D.N.Y. Sept. 28, 2015)). The ordinary rates for attorneys in the Eastern District of New York are "'approximately $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates.'" Dermansky, 2020 WL 1233943, at *7 (quoting Rudler v. Houslander & Assocs., PLLC, No. 18-CV-7068, 2020 WL 473619, at *4 (E.D.N.Y. Jan. 29, 2020)). In addition to ordinary rates, courts must also consider the complexity of a case, the time it requires, and any returns an attorney might expect from litigation. Sheldon, 2016 WL 5107072, at *18 (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cty. Of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). The Court should be mindful that cases of default are "relatively simple matters," but Courts can still take an attorney's skill in a specialized field into account. Id. at 19.

Here, plaintiff requests $3,997.50 in attorney's fees. Pl.'s Mot. at 16–17. Plaintiff's counsel, Rayminh Ngo, has been licensed to practice in New York since January 2010 and has been principal counsel in numerous federal copyright actions including "several dozen" in the Eastern District. Declaration of Rayminh Ngo ("Ngo Decl."), ECF No. 13-2, ¶ 2. Plaintiff requests

a fee of $300.00 per hour for Mr. Ngo, however, plaintiff's counsel fails to provide any other information regarding his credentials or the fees he has previously been awarded in this district. Further, the instant motion is relatively simple in nature. Sheldon, 2016 WL 5107072, at *18 ("[D]efault actions are relatively simple legal matters ...."). Accordingly, I find a reduced rate of $250.00 to be appropriate for Mr. Ngo. Plaintiff also requests a rate of $100.00 for the non-attorney paralegals who worked on the case.[5] Although plaintiff does not provide additional information about the paralegals' experience, a $100 hourly fee for paralegals assisting with intellectual property cases has been found reasonable. See Musical Prods. Inc., v. Roma's Record Corp., No. 05-CV-5903, 2009 WL 3052630, at *10 (E.D.N.Y. Sept. 23, 2009) (citing Morin v. Nu-Way Plastering, No. 03-CV-405, 2005 WL 3470371 (E.D.N.Y. Dec. 19, 2005)).

### ii. Hours

After the reasonable hourly rate is determined, the Court multiplies that rate by the reasonable number of hours the attorney expended to determine a presumptively reasonable fee. The party seeking fees bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) (citing Hensley, 461 U.S. at 437). A request for attorney's fees must be "supported by contemporaneous time records that show, 'for each attorney, the date, the hours expended, and the nature of the work done.'" Bd. of Trs. of Pointers, Cleaners & Caulkers Welfare Fund, Pension Fund and Annuity Fund v. Super Eagle Contracting Inc., No. 12-CV-0399, 2013 WL 802034, at *4 (E.D.N.Y. Jan. 16, 2013), report and recommendation adopted by 2013 WL

---

[5] I note that plaintiff's attorney's declaration fails to identify the two other individuals who worked on the case, Hany Gonzalez and Diana Ramirez. The Court assumes they are both paralegals.

802847 (E.D.N.Y. Mar. 5, 2013) (quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)).

Here, plaintiff requests 9.5 hours of attorney time and 12.75 hours of non-attorney/paralegal time. This is reasonable. Moreover, plaintiff has submitted contemporaneous billing records setting forth the amount of time spent rendering services, the dates services were rendered, the hourly rate charged for the services, the name of the person who the rendered service, and a description of the services performed. See Ngo Decl., Ex A. Accordingly, I respectfully recommend that plaintiff should be awarded **$3,650.00** in attorney's fees.[6]

### D. Costs

Plaintiff requests $440.00 in costs, including the "$400.00"[7] filing fee and $40.00 incurred for the cost of service of the Summons and Complaint on the Defendant. Ngo Decl. ¶ 4. Plaintiff submits an affidavit from plaintiff's counsel stating that the total recoverable costs are $440.00, id. The Court may take judicial notice of the filing fee in this district and verify payment of the fee on the docket. Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs v. Coastal Envtl. Grp Inc., No. 18-CV-5791, 2019 WL 5693916, at *12 (E.D.N.Y. Aug. 30, 2019) (citing Shalto v. Bay of Bengal Kabob Corp., No. 12-CV-920, 2013 WL 867420, at *2 (E.D.N.Y. Mar. 7, 2013). Process server fees, however, must be supported by the record. See Martinez v. Alimentos Saludables Corp., No. 16-CV-1997, 2017 WL 5033650, at *29 (E.D.N.Y. Sept. 22, 2017) (recommending plaintiffs not be awarded process server fees absent supporting documents and noting that "failure to provide adequate documentation of costs

---

[6]  (9.5*$250.00) + (12.75*$100.00) = $3,650.00.

[7] The filing fee is $402.00 not $400.00. See ECF No. 1.

incurred will limit, or even defeat, recovery"), report and recommendation adopted by 2017 U.S. Dist. LEXIS 174714 (Oct. 18, 2017).

Here, the docket reflects payment of the $402.00 filing fee. Additionally, plaintiff filed an affidavit of service through the Secretary of State which states "deponent paid … a fee 40 dollars." Accordingly, I recommend that the Court should award plaintiff costs of **$442.00.**

### E. Post-Judgment Interest

Finally, Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. Pl.'s Mot. At 17. Pursuant to 28 U.S.C. § 1961(a), "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks, citation and alteration omitted). The exercise of judicial discretion in awarding post-judgment interest is not permitted. Id. (citation omitted). Accordingly, I recommend that the Court should award plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961(a), from the date of the entry of judgment in this case until the date defendant satisfies the judgment.

### CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion for a default judgment against Dryluxe should be granted and the complaint against Does 1–10 should be dismissed without prejudice. A default judgment should be entered against Dryluxe in the amount of **$12,927.60** reflecting the following awards to plaintiff: $9,000.00 in statutory damages under the Copyright Act, $3,485.60 in attorney's fees, and $442.00 in costs. Plaintiff should also be awarded post-judgment interest at the statutory rate from the date judgment is entered until the date defendant satisfies the judgment. I further recommend that the Court should issue a permanent injunction prohibiting defendant from using the Photographs. Plaintiff is hereby ordered to serve

15

a copy of this Report upon defendant at its last known address and to file proof of service with the Court forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated:  April 7, 2022
        Brooklyn, New York