UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

TAMARA WAREKA *p/k/a* TAMARA WILLIAMS,

                      Plaintiff,

            v.

DRYLUXE LLC and DOES 1 THROUGH 10
INCLUSIVE,

                      Defendants.
-----------------------------------------------------------------

**ORDER**
21-CV-2422 (MKB) (LB)

MARGO K. BRODIE, United States District Judge:

        Plaintiff Tamara Wareka, professionally known as Tamara Williams, commenced the above-captioned action against Defendants Dryluxe LLC ("Dryluxe") and Does 1 through 10 on April 30, 2021, alleging copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, arising from Defendants' use of photographs of six models created by Plaintiff (the "Photographs")[1] for advertising on their website. (Compl. ¶¶ 8–28.) Defendants failed to appear or otherwise defend the action, and the Clerk of Court entered default against them on October 21, 2021. (Clerk's Entry of Default, Docket Entry No. 12.) On November 22, 2021, Plaintiff moved for default judgment, (Pl.'s Mot. for Default J., Docket Entry No. 13), and, on February 10, 2022, the Court referred Plaintiff's motion to Magistrate Judge Lois Bloom for a report and recommendation, (Order dated Feb. 10, 2022).

---

[1] The Photographs are registered with the United States Copyright Office as: the Juliana Herz Photograph, Registration No. VA 2-197-148; Keltie Straith Photograph, Registration No. VA 2-130-596; Audreyana Michelle Photograph, Registration No. VA 2-130-596; Bridget Satterlee Photograph, Registration No. VA 2-130-596; Jasmine Hollins Photograph, Registration No. VA 2-116-918; and Christina Nadin Photograph, Registration No. VA 2-116-920. (Compl. ¶¶ 10, 12, Docket Entry No. 1.)

By report and recommendation dated April 7, 2022, Judge Bloom recommended that the Court grant Plaintiff's motion for default judgment against Dryluxe and dismiss the Complaint against Does 1 through 10 without prejudice (the "R&R"). (R&R, Docket Entry No. 14.) Specifically, Judge Bloom recommended that the Court (1) enter a default judgment against Dryluxe in the amount of $12,927.60, reflecting the following awards to Plaintiff: $9,000.00 in statutory damages under the Copyright Act, $3,485.60 in attorney's fees, and $442.00 in costs; (2) award Plaintiff post-judgment interest at the statutory rate from the date of judgment until the date Dryluxe satisfies the judgment; (3) issue a permanent injunction prohibiting Dryluxe from using the Photographs; and (4) dismiss the claims against Does 1 through 10 without prejudice. (R&R 15.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and

recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R, grants Plaintiff's motion for default judgment against Dryluxe, and dismisses the claims against Does 1 through 10 without prejudice. Consistent with Judge Bloom's recommendations, the Court (1) awards Plaintiff a total of $12,927.60, consisting of $9,000.00 in statutory damages under the Copyright Act, $3,485.60 in attorney's fees, and $442.00 in costs; (2) awards Plaintiff post-judgment interest at the statutory rate from the date judgment is entered until the date Dryluxe satisfies the judgment; (3) issues a permanent injunction prohibiting Dryluxe from using the Photographs; and (4) dismisses the claims against Does 1 through 10 without prejudice.  (R&R 15.)

This Court prohibits Dryluxe, and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them permanently from: engaging or continuing to engage in the infringing acts or practices described in the Complaint and the R&R, including using without permission any copyright or other intellectual property

right of Plaintiff; acting to infringe Plaintiff's federally-registered photographs, specifically identified as the Juliana Herz Photograph, Registration No. VA 2-197-148; Keltie Straith Photograph, Registration No. VA 2-130-596; Audreyana Michelle Photograph, Registration No. VA 2-130-596; Bridget Satterlee Photograph, Registration No. VA 2-130-596; Jasmine Hollins Photograph, Registration No. VA 2-116-918; and Christina Nadin Photograph, Registration No. VA 2-116-920; or acting in any other manner to derogate Plaintiff's intellectual property rights.

Plaintiff is directed to serve copies of this Order upon Defendants at their last known address and to file proof of service with the Court. The Clerk of Court is respectfully directed to close this case.

Dated: July 14, 2022
      Brooklyn, New York

                                      SO ORDERED:

                                      ____s/ MKB_____
                                      MARGO K. BRODIE
                                      United States District Judge